IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michael Alonza Rufus, ) | |
| ) | C/A No. 6:20-cv-1104-MBS |
| Petitioner, ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Warden, Coffee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

On March 19, 2020, Michael Alonza Rufus ("Petitioner"), proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against the Warden of Coffee Correctional Institution ("Respondent").[1] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. The Magistrate Judge entered a Report and Recommendation ("Report") on May 20, 2020. ECF No. 17. On June 5, 2020, Petitioner filed his objections to the Magistrate Judge's Report and Recommendation. ECF No. 20. This matter is now before the Court for review of the Petitioner's objections to the Report and Recommendation.

**I.    RELEVANT FACTS AND PROCEDURAL HISTORY**

Petitioner completed a 97-month federal sentence for conspiracy to distribute 500 grams or more of cocaine and use of a firearm in furtherance of a drug trafficking crime and was released to supervision on July 8, 2010. See *United States v. Rufus*, No. 3:02-cr-00550-MBS-1. On April

---

[1] Petitioner initially filed this suit against the United States of America. *See* ECF No. 1. The Magistrate Judge then corrected the docket to show the respondent as the Warden of Coffee Correctional Institution "because a prisoner's custodian is the proper respondent in a habeas corpus action." ECF No. 15 at 1.

1

2, 2012, the United States Probation Office ("USPO") informed the court that Petitioner had engaged in new criminal conduct in violation of the terms of his supervision. Among other things, Petitioner had been arrested in Social Circle, Georgia, and charged with possession with intent to distribute marijuana and possession of a firearm during the commission of a crime (Count 1). According to the USPO, on March 26, 2012, Petitioner was found guilty after a jury trial in the Superior Court of Walton County in Monroe, Georgia. Petitioner was sentenced to a term of imprisonment for ten years. He also pleaded guilty to possession of a firearm during commission of a felony (Count 4), for which he was sentenced to 5 years of probation, to run consecutively to his term of imprisonment. Based on these and other violations. the USPO petitioned the court to order the issuance of a warrant because Petitioner had violated the conditions of his supervision. The court issued a warrant for Petitioner's arrest on April 4, 2012. The warrant remains pending while Petitioner is in custody of the Georgia state prison system. ECF No. 143.

Petitioner is seeking habeas and argues that the court does not have jurisdiction over him because his "class of person" was "fraudulently concealed" during his trial, and he is "not a lawfully social contracted member of Social Security Administration or any other organization of Congress." *Id.* at 1-2. Further, Petitioner argues any judgment would therefore be "void" because of the "limited jurisdiction" the court has over him. *Id.* Petitioner contends the supervised release violation issued by the undersigned was a "restraint of liberty" because it "violate[d] [his] individual guarantees of due process and equal protection." *Id.* at 3. Petitioner seeks to have the supervised release violation from Case No. 3:02-cr-0550 deemed unconstitutional and unlawful. *Id.* at 5.

In the Report, the Magistrate Judge stated Petitioner's petition was premature. ECF No. 17 at 3. The Magistrate Judge stated, "habeas corpus should not be granted in advance of trial" while

simultaneously referring to the docket, which shows "no hearing, conviction, or sentence." *Id.* at 3 (citing *Jones v. Perkins*, 245 U.S. 390, 391-92 (1918)). Even if the petition was not premature, the Magistrate Judge stated there were no grounds for relief because Petitioner is asserting his status as a "sovereign citizen." *Id.* at 3-4. The Magistrate Judge stated that because Petitioner bases his relief upon sovereign citizenship,[2] his claim should be "rejected as baseless." *Id.* at 4 (citing *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011)).

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber,* 423 U.S. 261, 270 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report to which specific objections are filed and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F. 3d 310, 315 (4th Cir. 2005); *Camby v. Davis,* 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson,* 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III.    ANALYSIS

In his objections, Petitioner states the Magistrate Judge's allegations section in the Report is "erroneous" because Petitioner's claims are "NOT 'exactly'" what the Magistrate Judge stated.

---

[2] "The sovereign citizen movement is premised on a theory that federal, state, and local governments are illegitimate and thus, laws and regulations enacted by those bodies are unenforceable." *United States v. Macalpine*, No. 1:18-cr-00092-MR-WCM, 2018 U.S. Dist. LEXIS 212404, at *11 (W.D.N.C. Dec. 18, 2018).

*Compare* ECF No. 20 at 1 *with* ECF No. 17 at 1-2. Petitioner then refers to his § 2241 petition in an attempt to rebut the Magistrate Judge's arguments without any additional explanation to clarify his position. ECF No. 20 at 1.

Petitioner also contends the Report did not address authorities that are "relevant and necessary" to determine the validity of his arrest. *Id.* However, the Magistrate Judge explained that he did not address these issues because Petitioner's petition is premature. ECF No. 17 at 3. Petitioner reasserts his claims for his "Challenges to the Unconstitutional 'Universality.'"[3] This is a general conclusion because there are no explanations accompanying the resubmission. ECF No. 20 at 1. In addition, Petitioner fails to explain how the Court does not have jurisdiction over Petitioner other than simply stating jurisdiction was not established in a "lawful manner." *Id.* Finally, Petitioner's statement that his "right to challenge [h]is conviction . . . is herein done" does not rise to the level of requisite specificity needed for *de novo* review. ECF No. 20 at 2.

By merely repeating the allegations contained in his § 2241 petition without addressing the Magistrate Judge's findings, Petitioner's objections do not meet the required specificity needed for *de novo* review. Nevertheless, the Court has reviewed the Report and finds that the Magistrate Judge is correct in determining Petitioner "cannot cure the defects" of his petition, and that Petitioner's § 2241 petition be dismissed without requiring Respondent to file a return. ECF No. 17 at 5.

---

[3] Petitioner's theory of "universality" is based on Petitioner's other suit against the undersigned, while the undersigned was still presiding over that suit. *See Rufus v. Seymour*, No. 6:20-cv-1394-MBS (D.S.C. May 7, 2020). Petitioner claimed there was "a clearly established precedent of prohibiting an accused from being a judge in his case." *Id.* at 2. Petitioner's claims, however, were "unsubstantiated," "barred by the doctrine of judicial immunity," and "frivolous." *See Rufus v. Seymour*, No. 6:20-cv-1394-MBS (D.S.C. May 20, 2020).

## IV.     CONCLUSION

The court **ADOPTS** the Magistrate Judge's Report and incorporates it herein by reference. ECF No. 17. This matter is summarily **DISMISSED** with prejudice and without issuance and service of process.

## V.     CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court denies a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

September 4, 2020
Charleston, South Carolina